## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL MARION REESE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 03-1886** |
| **R.J. REYNOLDS TOBACCO CO. ET AL.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand the case to the 22nd Judicial District Court for the Parish of St. Tammany is **GRANTED**.  (Document #16.)

### I. BACKGROUND

Carol Hogan Reese died of lung cancer on June 11, 2002 at the age of 68.  Her children, Michael Marion Reese, Susan Michelle Bishop, Timothy Yeats Reese, Elizabeth Lynn Reese, and Stephen Carroll Reese, filed a "survival and wrongful death action" in the 22nd Judicial District Court for the Parish of St. Tammany against various tobacco companies,[1] a wholesale

---

[1]   R. J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, Philip Morris USA, Inc. and its parent Philip Morris Companies, Inc., Lorillard Tobacco Company, and Liggett Group, Inc.

distributor of tobacco products,[2] and retail distributors.[3]  The plaintiffs allege that their mother

died as a result of smoking cigarettes for many years.  Specifically, the plaintiffs allege claims

for relief based on fraud and deceit, negligent misrepresentation, intentional infliction of

emotional distress, negligent infliction of emotional distress, negligent false and misleading

advertising, intentional false and misleading advertising, breach of express warranty, breach of

implied warranty, strict products liability, and redhibition.  The plaintiffs allege that the tobacco

companies entered a conspiracy to suppress information, to deceive, and to profit from the

continued sales of cigarettes and tobacco products; the tobacco companies, conspiring with the

wholesalers and retailers, breached their duty to Carol Reese by misrepresenting the facts about

their products and causing her to rely on the misrepresentations; the defendants' conduct in

denying that tobacco and nicotine is addictive and dangerous, while manipulating the levels of

nicotine in their product, was extreme and outrageous; the tobacco defendants breached their

duty of reasonable care by failing to design products that were not addictive, failing to warn of

the danger of tobacco and nicotine, selling products  known to have addictive qualities; the

wholesale and retail defendants assisted the tobacco defendants in their misrepresentations and

concealment in order to profit unjustly and unfairly from the sale of cigarettes; the tobacco

defendants converted their advertising to promote the sale of low tar and nicotine cigarettes in an

attempt to persuade and mislead consumers into thinking that the new products were safer; the

---

[2]    Imperial Trading Company, Inc (Imperial).

[3]    Steven Aquistapace, d/b/a IGA Covington and Aquistapace's Covington
Supermarket; Paradise Tobacco, and National Tea Co. d/b/a as National Food Store.  National
Tea Co. is no longer in business.

defendants breached their express warranty that low tar and menthol cigarettes had improved the "safety, taste, enjoyment, and relaxation" derived from smoking; the defendants breached an implied warranty that their cigarettes were merchantable for their ordinary use, the cigarettes were not addictive, and the tobacco companies had not manipulated the nicotine levels; the defendants are strictly liable because they manufactured and sold cigarettes with nicotine levels that had been manipulated to maintain the addiction of the consumers; and the redhibitory defects in the cigarettes caused Carol Reese to sustain damages that she would not have incurred if she had been warned about the defects.

The defendants removed the action to federal court based on diversity jurisdiction.  The defendants contend that the Louisiana defendants, Imperial (the wholesale distributor), Steven Aquistapace d/b/a Aquistapace's Covington Supermarket, and Tobacco Paradise, Inc. (the retail distributors) have been fraudulently joined in order to defeat diversity jurisdiction; therefore, their citizenship should be disregarded for purposes of determining jurisdiction.  The plaintiffs filed a motion to remand the case to state court.

## II. DISCUSSION

Motions to remand to state court are governed by 28 U.S.C.§ 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Improper joinder may be established in two ways:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (citing Travis v. Irby, 326 F.3d

3

644, 646-47 (5th Cir. 2003)).  The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  Id.  A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  Id.

The plaintiffs contend that they have asserted claims of redhibition and breach of warranty against redhibitory defects in a survival action against the wholesale and retail distributors and that these defendants are properly joined.   La. Civ. Code arts. 2520, 2524, 2475. The redhibitory defects alleged in the petition are the addictive nature of the cigarettes because of the manipulation of the nicotine levels and the presence of carcinogenic toxins.

In Badon v. RJR Nabisco, Inc., 236 F.3d 282, 287 (5th Cir. 2000), the Court of Appeals held that the district court erred in denying a motion to remand claims of redhibition and warranty against redhibitory defects and concluded that there was "arguably a reasonable basis for predicting that plaintiffs might establish redhibition or article 2475 liability against the Louisiana wholesalers under Louisiana law as it stands today."  Id. at 286.

On the basis of Badon, it is clear that the plaintiffs may maintain redhibition claims against the non-diverse defendants.  Further, the court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiffs.  See Sid Richardson Co. v.

4

Interenergy Resources Ltd., 99 F.3d 746, 751  (5th Cir. 1996).  After considering the deposition testimony and documentary evidence presented by the defendants, the court concludes that there are questions of fact and law that must be answered in favor of the plaintiffs, including the questions of whether the alleged harm was caused by the manipulation of nicotine content in cigarettes and whether Carol Reese knew of the harm when she purchased and smoked cigarettes.

The defendants have not demonstrated that there is no possibility of recovery by the plaintiffs against Imperial Trading Company, Inc., Steven Aquistapace d/b/a IGA Covington and Aquistappace's Covington Supermarket, and Paradise Tobacco.  Therefore, the defendants have failed to meet their burden of proving that the in-state defendants were fraudulently joined.


New Orleans, Louisiana, this  19th  day of August, 2005.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**